# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARCUS DION BROOKING,

    Plaintiff,

        v.

D.O.C., *et al.*,

    Defendants.

NO. 3:15-CV-02134

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SAPORITO)

## **MEMORANDUM**

Presently before me is Magistrate Judge Saporito's Report and Recommendation ("R&R") (Doc. 13) regarding Plaintiff Marcus Brooking's Complaint (Doc. 5). Brooking, a *pro se* prisoner, alleges that his civil rights were violated by prison officials. (*See id.*). Magistrate Judge Saporito screened Brooking's Complaint pursuant to 28 U.S.C. § 1915A, and recommends that the Complaint be dismissed with prejudice for failing to state a claim upon which relief may be granted. (Doc. 13 at 27). Brooking timely filed his objections (Doc. 14), arguing that he has adequately pled prison officials' deliberate indifference to his serious medical needs.[1] (*See id.*). Because Brooking's allegations do in fact state a deliberate

---

[1] There are other claims alleged in the Complaint, but Magistrate Judge Saporito recommends they be dismissed with prejudice and Brooking has not specifically objected to those recommendations. Brooking states that he objects to all of Magistrate Judge Saporito's findings, (Doc. 14 at ¶ 3), but lodges only two specific objections (*id.* ¶¶ 1-2). "General or blanket objections do not comply with [Federal Rule of Civil Procedure 72(b)] and need not be addressed by the district court." *Palmer v. Apfel*, 995 F. Supp. 549, 552 n.4 (E.D. Pa. 1998) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). I find no clear error or manifest injustice in the portions of Magistrate Judge Saporito's R&R that have not been properly contested, and will accordingly adopt those portions.

As noted, Brooking raises two specific objections: his first objection relates to his deliberate indifference claim, and his second objection relates to his claims for denial of due process during disciplinary hearings. (Doc. 14 at ¶¶ 1-2). While Brooking's first objection requires further discussion, his second objection does not. The only sanction Brooking received as a result of his

indifference claim, Magistrate Judge Saporito's R&R will be adopted in part and rejected in part.

**I. Background**

The Complaint sets forth the following sequence of events, which I accept as true for present purposes: On April 28, 2015, at about 8:00 pm, Brooking started experiencing "severe [tooth] pain." (Doc. 5 at 18). The correctional officers on duty instructed Brooking to fill out a "dental sick call request," but it had to be submitted the next day. (*See id.*). The next day, Brooking submitted that request. (*Id.*). He also "repeatedly requested medical attention due to [severe] pain," and requested pain relievers from officers and medical staff. (*Id.*). They denied him "any type of medical assistance," though. (*Id.*). By 3:00 am on April 30, Brooking's cheek began to visibly swell, and at that time he told the correctional officer making rounds that he needed "immediate medical attention." (*Id.* at 19). The officer told Brooking that the medical facilities were closed and that he would have to wait until 6:00 am. (*Id.*). According to Brooking, it was "false" that the medical facilities were closed. (*Id.*).

Later that morning, Brooking told "all officers on duty" of "his severe pain, swelling and need for immediate medical attention." (*Id.*) Sergeant Cleaver told Brooking in response to "put in a sick call," and Brooking replied that he already did and that he could not wait any longer. (*Id.* at 19-20). Brooking then had an identical conversation with the Lieutenant on

---

disciplinary hearings was confinement in disciplinary custody (for no more than 255 days total). Whatever procedural defects Brooking alleges "lack legal significance" because the sanction he received does not "implicate a protectable liberty interest." *Williams v. Bitner*, 307 F. App'x 609, 610-11 (3d Cir. 2009); *Griffin v. Vaughn*, 112 F.3d 703, 706-08 (3d Cir. 1997) (fifteen months in administrative custody is insufficient to trigger a due process violation). I will therefore also adopt Magistrate Judge Saporito's recommendation that Brooking's due process claims be dismissed with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (leave to amend need not be given if amendment would be futile).

2

duty. (*See id.* at 20).

At around 8:00 am that day (which could have been shortly before or after Brooking's conversations with the Sergeant and Lieutenant), Brooking stopped a nurse walking by and asked for pain medication. (*Id.* at 21). The nurse "immediately noticed the swelling . . . and wrote his name and number on a sick call memo to be delivered personally to medical administration." (*Id.*).

Then, at 11:00 am on the same day, Brooking refused to return his lunch tray out of protest and told officers that he was "in an extreme amount of pain," had not slept in two nights, and could not eat. (*Id.* at 20). An officer responded: "[Y]ou heard what [Sergeant Cleaver] said[, you're] not getting medical, are you giving up the trays or what[?]" (*Id.*). Brooking refused, so Sergeant Cleaver came by to investigate. (*Id.* at 20-21). Brooking reiterated to Sergeant Cleaver that he was in "a lot of pain" and that it was "an emergency." (*Id.* at 21). Sergeant Cleaver responded that "pain is not a sign of an emergency[,] inmates don't get that kind of treatment[.]" (*Id.*).

At 8:00 am the next day, May 1, 2015, the "Head Nurse" responded to the memo the medication nurse submitted on Brooking's behalf. (*Id.* at 22). The Head Nurse examined Brooking, "immediately noticed" his swelling, and placed him on the "emergency medical call list." (*Id.*). Two hours later, Brooking was taken to the infirmary, where dental staff "immediately noticed swelling," said it was "severe," and diagnosed Brooking with an abscessed tooth. (*Id.*). The tooth was immediately extracted. (*Id.*).

## II. Legal Standard

If objections to a magistrate judge's R&R are filed, I must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)). I may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v.*

3

*Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits me to rely on the recommendations of the magistrate judge to the extent I deem it proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985). At the least, courts should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

When, as here, "a prisoner seeks redress from a governmental entity" or an officer or employee thereof, courts screen the complaint for "failure to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(a)-(b), which incorporates the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under this standard, my role is limited to determining if a plaintiff is entitled to offer evidence in support of his claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Detailed factual allegations are not required. *Id.* However, "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts to support its claims for relief. *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

### III. Discussion

Brooking contends that he has adequately alleged that prison officials were

deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. In his objections, he submits that "[s]taff at [the prison] demonstrated 'deliberate indifference' in failing to check [his] condition . . . . After [two and a half] days a medication nurse took the time to check his [toothache] and re[c]ognized the necessity for a doctor's attention. All other staff were negl[i]gent up until that point putting [him] at serious risk of injury or death." (Doc. 14 at ¶ 1). Negligence, however, does not satisfy the deliberate indifference standard. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To be deliberately indifferent, a prison official must know that an inmate "face[s] a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Applying that standard to this case, Brooking's allegations are adequate to state a claim. He told prison officials that he was in severe pain and could not eat or sleep, and his facial swelling was clearly visible. (*See* Doc. 5 at 18-22). In response, prison officials told him that the medical facility was closed (even though it was not), told him that his pain was not an emergency and that "inmates don't get that kind of treatment," and rejected his requests for medical attention. (*See id.*). These allegations plausibly suggest that prison officials were aware of Brooking's serious medical needs yet denied his requests for treatment, resulting in his "undue suffering." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (quotation omitted). And taking the allegations as true, Brooking's medical needs were indeed serious: although Brooking admits he suffered no "immediate physical injury" in the end, (*see* Doc. 5 at 22), his allegations that the delay in treatment resulted in clearly visible facial swelling, severe pain, and the loss of a tooth suffice. *Lanzaro*, 834 F.2d at 347 (a serious medical need can be "one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention" (quotation omitted)); *see Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980) (a delay in providing oral surgery for infections and

abscesses resulted in "continued and unnecessary pain and loss of teeth"). Other courts confronting circumstances similar to those here have held that a delay in care is actionable. *See, e.g.*, *Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir. 1989) (deliberate indifference claim stated where the plaintiff made repeated requests for treatment for infected gums and broken teeth, yet received no care for three months); *Fields v. Gander*, 734 F.2d 1313, 1315 (8th Cir. 1984) (claim stated where the defendant "knew of the pain [the plaintiff] was suffering . . . , observed swelling in [his] face, and still refused to provide dental care for him for up to three weeks"); *Kim v. Wang*, No. 214CV1817KJMDBP, 2017 WL 3188949, at *4 (E.D. Cal. July 27, 2017), *report and recommendation adopted*, 2017 WL 4386868 (E.D. Cal. Oct. 3, 2017) (claim stated where the plaintiff alleged he suffered excruciating pain for three days because the defendant nurse, despite knowing he had an abscessed tooth, falsely claimed there was nothing she could do and directed him to simply file a medical request form). Brooking's deliberate indifference claim, therefore, survives screening pursuant to 28 U.S.C. § 1915A.

## IV. Conclusion

For the above stated reasons, Magistrate Judge Saporito's R&R will be adopted in part and rejected in part. All claims except Brooking's deliberate indifference claim will be dismissed with prejudice.

An appropriate order follows.

| | |
|---|---|
| January 29, 2019<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |