**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARCUS DION BROOKING, | No. 3:15-CV-02134 |
| Plaintiff, | (Judge Brann) |
| v. | |
| SERGENT CLEAVER, | |
| Defendant. | |

**MEMORANDUM OPINION**

**JUNE 9, 2020**

On April 28, 2015, Marcus Brooking felt a sharp pang in his tooth. Prison guards passed by, and Brooking asked for help. None was given. The pain kept Brooking from sleep that night. The next day, Brooking couldn't eat. In a desperate bid to capture the guards' attention, Brooking refused to return a meal tray. When Sergeant Cleaver entered the cell to retrieve the tray, Brooking pleaded with him for medical treatment. Sergeant Cleaver replied: "Pain is not a sign of an emergency. Inmates don't get that kind of treatment. Now, are you giving the trays up?"

Twenty-four hours later, Brooking was placed on the emergency medical call list by the prison's head nurse and rushed to the infirmary. Infirmary staff noted severe swelling in Brooking's mouth before they removed an abscessed

tooth. In total, nearly seventy-two hours passed between Brooking's request for medical treatment and its provision by the prison.

Brooking filed suit *pro se* on October 5, 2015 to enforce his constitutional rights. On January 29, 2019, the Court found that Brooking stated a claim against Sergeant Cleaver for "deliberate indifference" to an inmate's serious medical needs in violation of the Eighth Amendment.[1]

Sergeant Cleaver moved for summary judgment on November 5, 2019. Brooking did not file an opposition to this motion, and on April 3, 2020, the Magistrate Judge filed a report and recommendation recommending that this Court grant Sergeant Cleaver's motion.

In his objection to the report and recommendation, Brooking provides evidence that he attempted to timely file an opposition to the motion for summary judgment. It appears that the prison refused to send Brooking's legal mail because his commissary account lacked the handful of dollars (at most) that would have been necessary to cover the postage fee.

The court system is not always easy to navigate even for its seasoned travelers; it is nothing short of a maze for the untrained. *Pro se* litigants, and prisoners in particular, confront obstacles large and small that interfere with the standard operation of litigation. They are not exempt from the rules of procedure,

---

[1] Memorandum Opinion 5, Doc. 15.

but courts should interpret these rules generously in light of the difficulties involved for *pro se* litigants.[2]

Brooking apparently tried in good faith to comply with the rules of procedure. He was denied that opportunity because of money—a trivial amount, at that. To not even consider his arguments on the merits due to this minor shortfall would be a failure to administer justice in this case.

To be clear, I find no fault with Magistrate Judge Saporito's report, as no opposition was filed at the time he considered the Government's motion. However, the circumstances now present the opportunity to reach a decision on the merits. I deem Brooking's opposition to have been timely filed, and I reverse the Magistrate Judge's report and recommendation and remand for full consideration of the motion.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[2] *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011).